HEIDI A. TIMKEN (SBN 159731)
LESLIE A. JOHNSON (SBN 57411)
CHRISTOPHER J. GONAZALEZ (SBN 227804)
TIMKEN JOHNSON HWANG LLP
A Professional Law Group
1931 San Miguel Dr., Suite 100
Walnut Creek, CA  94596
Telephone:    (925) 945-6211
Facsimile:    (925) 945-7811

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 09    2093

| VICTOR AIUTO; CALVIN CHAN; EMILY BEHR; MATTHEW CAHILL; GEORGIA CAHILL; LAURA CARROLL; MICHAEL J. MARX; ROD J. CELLA; MAUREEN COOK; JUDY GABRIEL; PATRICIA GERARD, TRUSTEE OF THE KURT FRIEDBERG IRREVOCABLE TRUST; CORNELIA HOPPE; ROBERT JEFFREY; MARIAN JEFFREY; JOANNE WOO KNIGHT; HELEN LESLIE; MARGARET LOO; MARY ELLEN MANNIX-CANTILLON; ROBERT McKEE; JOHN MOKRICKY; ROBERT MILLS; MARIA MOK; MOHSEN NASER-TAVAKOLIAN; REBECCA NORDSET; ROSE TRACY REINHEIMER; BENEDICTINA TRACY; V. OLIVIA TIBURCIO; KATHLEEN L. TREWIN; ANTONOIS TSATSARONIS; DARWIN TU; SANDRA TWISSELLMANN; BARBARA WIRTH; SOHER YOUSEF; JOHANNE ZEA | Case No. |

Case No.

**COMPLAINT FOR:**

(1)  **VIOLATIONS OF DUE PROCESS**
(2)  **VIOLATIONS OF EQUAL PROTECTION**
(3)  **UNLAWFUL TAKING OF PRIVATE PROPERTY FOR PUBLIC PURPOSE WITHOUT JUST COMPENSATION**
(4)  **VIOLATIONS OF CIVIL RIGHTS**
(7)  **PREEMPTION UNDER COSTA-HAWKINS**
(8)  **DECLARATORY RELIEF**
(9)  **INJUNCTIVE RELIEF**
(8)  **APPOINTMENT OF RECEIVER**

**JURY TRIAL DEMANDED**

Plaintiffs,

v.

SAN FRANCISCO'S MAYOR'S
OFFICE OF HOUSING, a Department of
the CITY OF SAN FRANCISCO;
GAVIN NEWSOM, an individual in his
capacity as Mayor of the CITY OF SAN
FRANCISCO; CITY OF SAN
FRANCISCO, a municipal corporation;

(Continued on next page)

GOLD10160.3806                                    - 1 -

COMPLAINT FOR CONSTITUTIONAL AND CIVIL RIGHTS VIOLATIONS, ETC.

1

2  SAN FRANCISCO BOARD OF
   SUPERVISORS, a political and
3  governing body; and DOES 1-100,
   inclusive,

4

        Defendants.

5

6      Plaintiffs VICTOR AIUTO; CALVIN CHAN; EMILY BEHR; MATTHEW CAHILL;

7  GEORGIA CAHILL; LAURA CARROLL; MICHAEL J. MARX; ROD J. CELLA; MAUREEN

8  COOK; JUDY GABRIEL; PATRICIA GERARD, TRUSTEE OF THE KURT FRIEDBERG

9  IRREVOCABLE TRUST; CORNELIA HOPPE; ROBERT JEFFREY; MARIAN JEFFREY;

10 JOANNE WOO KNIGHT; HELEN LESLIE; MARGARET LOO; MARY ELLEN MANNIX-

11 CANTILLON; ROBERT McKEE; JOHN MOKRICKY; ROBERT MILLS; MARIA MOK;

12 MOHSEN NASER-TAVAKOLIAN; REBECCA NORDSET; ROSE TRACY REINHEIMER;

13 BENEDICTINA TRACY; V. OLIVIA TIBURCIO; KATHLEEN L. TREWIN; ANTONOIS

14 TSATSARONIS; DARWIN TU; SANDRA TWISSELLMANN; BARBARA WIRTH; SOHER

15 YOUSEF; JOHANNE ZEA, (collectively, "plaintiffs") and each of them, allege as follows:

16                         PRELIMINARY STATEMENT

17     1.      Plaintiffs are all current record owners of certain condominium units in the City

18 and County of San Francisco. Some of the plaintiffs are elderly, many are of low- to moderate-

19 income status, still others live on very modest fixed incomes. Plaintiffs, and each of them, are

20 informed and believe and thereon allege, that the condominium units they currently own have

21 been officially or otherwise designated by the Mayor's Office of Housing ("MOH") and the City

22 of San Francisco (the "City") as "Below Market Rate" units, also known as "BMR" units.

23 Plaintiffs are filing this lawsuit against MOH, Mayor Gavin Newsom, the City, and the Board of

24 Supervisors because as a direct result of historical and recent actions taken by those defendants,

25 separately and/or together, plaintiffs' constitutional and civil rights have been violated, depriving

26 them of, *inter alia*, their constitutionally protected rights to due process, equal protection of the

27 law, the right to just compensation when private property has been taken for a public purpose, and

28

GOLD10160.3806                          - 2 -

1   the right to be free of restrictions to property which directly conflict with State law as is the case

2   here with the Costa-Hawkins Rental Housing Act ("Costa-Hawkins").

3       2.    Plaintiffs call upon the legal and equitable powers of this Court to release

4   plaintiffs' units from said BMR program, dismantle the challenged BMR program, and put in

5   place judicial measures, including but not limited to the appointment of a receiver to take over

6   MOH and its operation and administration of this so-called affordable housing program which for

7   years has been egregiously and maliciously mismanaged to the point of directly and permanently

8   injuring those very citizens – low to moderate income citizens and renters of this fair City –

9   which the challenged BMR program was supposedly designed to help.  Plaintiffs seek all legal

10   and equitable remedies available to stop the systemic abuse existing within MOH and aided and

11   abetted by elected officials and the City government.

12       3.    Defendants are the Mayor's Office of Housing, a public agency existing and acting

13   under the auspices of the City of San Francisco and the Mayor's Office; Mayor Gavin Newsom,

14   the current Mayor of San Francisco; the City of San Francisco, a municipal corporation; and the

15   San Francisco Board of Supervisors, a political and governing body.

16       4.    Plaintiffs do not know the true names or capacities of Defendants sued herein as

17   DOES 1 through 100, inclusive.  Plaintiffs are informed and believe, and based thereon allege,

18   that each of the Defendants designated as a DOE defendant is responsible in some manner for the

19   acts and/or omissions hereinafter set forth by reason of which each DOE defendant is liable to

20   Plaintiffs for the relief prayed for herein.  Plaintiffs will seek leave of court to amend this

21   complaint to allege such true names and capacities as soon as they are ascertained.

22       5.    Plaintiffs are informed and believe, and based thereon allege, that at all times

23   herein mentioned, each of the DOE defendants was the principal, agent, servant or employee of

24   the named defendants, and was acting within the course of such principality, agency, service or

25   employment.

26

27

28

COMPLAINT FOR CONSTITUTIONAL AND CIVIL RIGHTS VIOLATIONS, ETC.

1

## JURISDICTION AND VENUE

2    6.    Jurisdiction is based on 28 U.S.C. sections 1331 and 1343 and arises under

3    Article I of the Constitution of the United States and the Fifth and Fourteenth Amendments of the

4    Constitution of the United States. Declaratory relief is authorized by 28 U.S.C. sections 2201 and

5    2202 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by

6    Federal Rule of Civil Procedure, Rule 65. Appointment of a receiver is authorized by Federal

7    Rule of Civil Procedure, Rule 64. This Court has supplemental jurisdiction of the claims arising

8    under the laws of the State of California pursuant to U.S.C. section 1367.

9

## FACTUAL ALLEGATIONS

10    7.    For many decades now, the City has administered various housing programs

11    through a number of City-run departments, with its stated goals being to maximize housing

12    opportunities for low- and moderate-income households and individuals. Currently, MOH

13    coordinates these efforts on behalf of the City and administers a variety of programs for housing

14    which are funded by federal, state, and local sources.

15    8.    In 1979, the City created the Below Market Rate Condominium Conversion

16    Program ("BMR/CCP") for the purpose of setting aside certain units converted to condominiums

17    for purchase by low- to moderate-income ("LMI") buyers and/or existing tenants of converted

18    units, without regard to income status. These units were generally offered for sale at some

19    percentage rate below market value so that residents who could not otherwise afford to purchase

20    homes in the City could have the opportunity to do so and or at market value so that current

21    tenants, regardless of income status, would not be evicted upon the conversion of their unit to a

22    condominium, but rather, would be given an opportunity to stay by purchasing said unit. Some

23    non-income qualifying tenants were never made aware that they were being offered a unit at a

24    "below market rate"; rather they were or should have been offered the opportunity similar that

25    offered to the public in general, to purchase the unit they were occupying before it was offered to

26    the general public.

27

28

GOLD10160.3806                                        - 4 -

COMPLAINT FOR CONSTITUTIONAL AND CIVIL RIGHTS VIOLATIONS, ETC.

9.     Certain facets of the BMR/CCP were codified in San Francisco Subdivision Code sections 1341 and 1344, among other sections. Certain restrictions were allegedly placed on some of the units which were designated as BMR units, resale price restrictions and a right of first refusal in favor of the City. Where resale price restrictions were in place, they were restricted to a 20 year term limit so that after 20 years, the resale restrictions would be lifted in anticipation that during that time, additional units would become available through new development or other means as a way of replenishing and maintaining at all times a housing stock in the City which was affordable and physically viable. The considerable task of administering the BMR/CCP fell to several City agencies over the years until it fell under the domain of MOH in the early 1990's where it remains today. In the late 1980's, some 1100 units within the City were designated as BMR units pursuant to the BMR/CCP.

10.     Today, there are fewer than 550 units remaining in the BMR/CCP. Fully one-half of the units have been released from the program or "escaped" the program and have been sold and re-sold at market value. Of the remaining units, many owners had no idea they owned a BMR unit, some having purchased their units at market value, others never having been contacted by MOH or any other City agency in all the time they have owned their unit until recent efforts were undertaken by MOH, Mayor Newsom and the Board of Supervisors to recapture and restrict the units such that all remaining BMR units would now be price restricted in perpetuity, rental restricted, inheritance restricted and so on. Still others in the so-called BMR/CCP were duped, tricked and actively misled about the rules of the BMR/CCP such that they had no idea what they were buying when, as first time homebuyers, they, in most cases, unwittingly purchased or inherited the so-called BMR units.

11.     Beginning in the early 1990's, in response to concerns and complaints raised by early BMR owners and purchasers about the rules and regulations for the BMR/CCP, MOH prepared a deceptive, misleading, and legally ineffective document which it labeled "affidavit" for signature by prospective purchasers which erroneously and misleadingly set out some alleged restrictions on ownership of BMR units. MOH never directly provided these so-called affidavits

1  to prospective purchasers; rather, said "affidavits" were provided, if at all, to purchasers in their

2  "closing documents." Some purchasers saw them and signed them, some saw them and did not

3  sign them, some never saw them, some never received them at all.

4          12.      The very public and very political efforts of MOH, Mayor Newsom and the Board

5  of Supervisors to revise the San Francisco Subdivision Code in 2008 was motivated, at least in

6  part, by a need to "reform" a badly broken government program – the BMR/CCP – which has for

7  years been plagued by mismanagement, incompetence, secret rules and policies, unevenly and

8  unequally applied, without any regard for the constitutional and civil rights of those persons

9  against whom the City and MOH wielded its considerable governmental power.

10          13.      With the recent enactment of Ordinance No. 320-08 on December 18, 2008, the

11  City and MOH have perpetuated and codified the constitutional and civil rights violations

12  perpetrated on this class of BMR unit owners over the past several decades. Those unit owners

13  who played by the rules, did not seek early release and did not simply "disappear" from the

14  program are now subjected to an entirely new set of restrictions on the ownership of their private

15  property, many of which are unconstitutional on their face, others of which are unconstitutional as

16  applied. By way of example only, those owners who have remained in the program in excess of

17  20 years and whose units should therefore be automatically released from resale restrictions and

18  rights of first refusal are now forced by law to pay to be "released" from the program. The

19  release fee is set on a "sliding scale" and tops out at $500,000. In all cases, this "release fee"

20  confiscates the owner's equity in the property and in most cases, payment of the fee will have a

21  devastating financial impact on the owner, many of whom continue to be low- to moderate-

22  income homeowners whose only major asset is their unit.

23          14.      Other restrictions retroactively imposed include a prohibition against renting,

24  rental rates which violate state law ("Costa Hawkins") under the principles of preemption, and a

25  severe restriction on the right to devise the property to rightful heirs.

26          15.      MOH also codified its so-far unfettered and unchecked power to alter the

27  restrictions of this program at any time, for any reason, whether disclosed or not, with or without

28

1    notice and opportunity of the owner to be heard, and without regard to whether any or all of the

2    individuals in this class of BMR owners is treated equally under the law.

3        16.    MOH and the Board of Supervisors have openly and publicly acknowledged that

4    the BMR/CCP has been poorly administered and grossly mismanaged over the past several

5    decades. Despite a series of hearings on this matter, MOH and the Board of Supervisors rejected

6    calls to dismantle the program, afford the current owners the rights and protections afforded the

7    owners of the 550 units who were released or "escaped" from the program and instead enacted

8    Ordinance No. 320-08 which "entraps" BMR unit owners in a government program which

9    deprives them of their constitutional and civil rights.

10       17.    Plaintiffs do not doubt that the City and MOH were attempting to address a

11   legitimate governmental interest that is of genuine concern to its constituents and that is the City's

12   need to provide affordable housing to its residents. However, plaintiffs vigorously dispute the

13   effectiveness, reasonableness, validity, constitutionality and legality of Ordinance No. 320-08 as

14   well as its application to plaintiffs as well as the past and prospective administration of the

15   BMR/CCP which has been and will continue to be vague, unequal and unknowable due to the

16   historical and continuing fact that MOH operates without sufficient and knowledgeable staff,

17   working from unwritten or non-existent policies, applied unequally and arbitrarily against those

18   who seek to follow the rules and not at all against those who find ways to avoid the rules,

19   whatever they may be at any given time.

20       18.    MOH recently published "Implementation Procedures" for Ordinance No. 320-08

21   which demonstrate that retroactive application of this new Ordinance violates the constitutional

22   and civil rights of plaintiff in that it provides a false choice to either be governed by a new law

23   that strips them of their rights or to remain bound by the so-called existing program with all of its

24   civil and constitutional rights violations as alleged above. Further, the Implementation

25   Procedures are so convoluted, ambiguous and unintelligible that the City repeatedly warns

26   existing owners in writing to retain legal counsel before making any so-called choice under the

27   new legislation. This denies equal protection of the law to those unable to afford legal counsel

28

GOLD10160.3806                             - 7 -

1   and proves in and of itself the perilous legal path onto which existing owners have been forced by

2   this new legislation.

3           19.     Plaintiffs have exhausted all remedies afforded by state or local law to obtain relief

4   from the requirements of Ordinance No. 320-08. Any further demand or attempted recourse

5   would be futile. Among the remedies plaintiffs seek, as set forth hereafter, are (1) a full and

6   complete release of plaintiffs' units from the BMR/CCP, and/or (2) dismantling of the

7   BMR/CCP; and/or (3) appointment of a receiver to administer the program as to the remaining

8   units in the BMR/CCP to remedy and prevent the systemic abuses which have plagued this

9   program for three decades, and/or (4) injunctive relief to enjoin enforcement of Ordinance No.

10  320-08 until such time as the receiver and/or this Court determine that it or some version of it can

11  be implemented without threat of violating the constitutional and civil rights of the remaining

12  and/or future participants of the program, should it be determined that the BMR/CCP can survive.

13                                  CAUSES OF ACTION

14                                      COUNT I

15          (Violation of Due Process Clause of the Fifth and Fourteenth Amendments

16                              of the United States Constitution)

17          20.     Plaintiffs incorporate herein by this reference, as though set forth in full herein, the

18  allegations contained in paragraphs 1 through 19, above.

19          21.     Ordinance No. 320-08 as written and as applied violates the substantive and

20  procedural due process rights of plaintiffs. Plaintiffs are being deprived of their private property

21  in ways which are vague, secretive, punitive, without compensation, and without regard to their

22  right to free alienation of property.

23          22.     Defendants have not and will not give plaintiffs sufficient notice of, or reason for,

24  the arbitrary and capricious exercise of the rights defendants have conferred to themselves over

25  the years in their gross mismanagement of the BMR/CCP and now with the enactment of

26  Ordinance No. 320-08 which not only retroactively deprives plaintiffs of their constitutional

27  rights, it also compels them to release otherwise valid legal claims against defendants if plaintiffs

28
GOLD10160.3806                          - 8 -

1   choose to buy their way out of the broken and unlawful BMR/CCP. In some cases, plaintiffs

2   have no right to even buy out of the broken and unconstitutional program.

3           WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

4                                                 COUNT II

5           (Violation of Equal Protection Clause of the Fifth and Fourteenth Amendments

6                                     of the United States Constitution)

7           23.     Plaintiffs incorporate herein by this reference, as though set forth in full herein, the

8   allegations contained in paragraphs 1 through 22, above.

9           24.     Ordinance No. 320-08 as written and as applied violates the equal protection rights

10  of plaintiffs. Plaintiffs are being deprived of their private property in ways which are vague,

11  secretive, punitive, without compensation, and without regard to their right to free alienation of

12  property. Plaintiffs have been treated unequally under the law prior to the enactment of

13  Ordinance No. 320-08 from others similarly situated, i.e., other BMR unit owners who were

14  released from the BMR/CCP or escaped from the BMR/CCP without financial or other penalty or

15  requirement.

16          25.     Defendants have not and will not be able to treat plaintiffs equally under the new

17  law or the old law, will not and have not administered the policies and regulations, some of which

18  are written, some of which are unwritten, in an a manner so as to ensure plaintiffs' equal

19  protection under the law. Defendants have arbitrarily and capriciously enforced their rules and

20  regulations over the years as it relates to the BMR/CCP and will continue to do so under the new

21  Ordinance No. 320-08.

22          26.     With the enactment of Ordinance No. 320-08 which retroactively deprives

23  plaintiffs of their constitutional rights and of equal protection under the law, plaintiffs are now

24  compelled to release otherwise valid legal claims against defendants if plaintiffs choose to buy

25  their way out of the broken and unlawful MBR/CCP. In some cases, plaintiffs have no right to

26  even buy out of the broken and unconstitutional program.

27          WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

28

GOLD10160.3806                                    - 9 -

COMPLAINT FOR CONSTITUTIONAL AND CIVIL RIGHTS VIOLATIONS, ETC.

1

COUNT III

2       (Violation of the Takings Clause of the Fifth Amendment of the United States Constitution and

3                           Article I, Section 19 of the California Constitution)

4       27.     Plaintiffs incorporate herein by this reference, as though set forth in full herein, the

5       allegations contained in paragraphs 1 through 26, above.

6       28.     A public entity or body is prohibited from taking private property without paying

7       just compensation to the private property owner. The United States Constitution provides:

8       "No person shall be deprived of property, without due process of law; nor shall private property

9       be taken for public use without just compensation." (U.S. Constitution, Amendment V.)

10      The California Constitution also provides: "Private property may be taken or damaged for public

11      use only when just compensation has first been paid to the owner." (Cal. Constitution, Article I,

12      § 19.)

13      29.     Plaintiffs are the owners of their respective condominium units in fee simple.

14      30.     Defendants have taken and/or damaged plaintiffs' units by passing confiscatory

15      legislation to unlawfully deprive plaintiffs' of some or all of the bundle of rights which comprise

16      private property ownership. Defendants' exactions against plaintiffs lack the requisite nexus and/

17      rough proportionality constitutionally required to avoid an unlawful taking of real property.

18      31.     Plaintiffs are entitled to just compensation for the taking of their private property

19      for a public purpose, namely to place the burden on plaintiffs to provide affordable housing to the

20      general population of San Francisco. Plaintiffs are therefore entitled to just compensation in the

21      form of fair market value of the property taken, together with severance damages directly and

22      proximately caused by the Defendants' unlawful taking of a plaintiffs' private property for a

23      public purpose.

24      32.     Plaintiffs have also expended, and continue to expend, substantial sums of money

25      in an effort to mitigate the substantial damages caused by defendants' unlawful taking and/or

26      damaging of their private property for a public purpose. Plaintiffs are taking all reasonable steps

27      and expending all necessary sums to mitigate their damages, as they are allowed and obligated to

28

GOLD10160.3806                          - 10 -

COMPLAINT FOR CONSTITUTIONAL AND CIVIL RIGHTS VIOLATIONS, ETC.

1  do pursuant to all applicable constitutional, case and statutory law. Plaintiffs are entitled to

2  recover all such sums expended regardless of whether said sums and or efforts funded thereby

3  result in the actual mitigation of any or all damages suffered.

4      33.     Plaintiffs have incurred and will continue to incur attorney, appraisal, and other

5  expert fees and costs both to mitigate their damages and to prosecute this action for recovery of

6  just compensation. All such fees and costs are recoverable pursuant to Code of Civil Procedure

7  section 1036.

8      WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

9                              COUNT IV

10      (Violation of Civil Rights Pursuant to 42 U.S.C. Section 1983 et seq.)

11      34.     Plaintiffs incorporate herein by this reference, as though set forth in full herein, the

12  allegations contained in paragraphs 1 through 33, above.

13      35.     Defendants have subjected, and continue to subject, plaintiffs to conduct under

14  color of state law which has deprived plaintiffs of rights, privileges and/or immunities guaranteed

15  to plaintiffs under the Fifth and Fourteenth Amendments of the United States Constitution, as

16  more fully set forth above.

17      36.     As a direct and proximate result of defendants' conduct in violating the civil rights

18  of plaintiffs, plaintiffs have suffered compensatory damages in an amount to proven at trial.

19      37.     Plaintiffs have taken all reasonable and necessary steps to mitigate the damages

20  suffered as a result of defendants' unlawful conduct.

21      38.     Plaintiffs have been required to incur attorneys' fees and other litigation fees and

22  costs to pursue the remedies allowed them by law and are entitled to recover said fees in

23  accordance with 42 U.S.C. Section 1988.

24      WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

25

26

27

28

GOLD10160.3806                        - 11 -

COMPLAINT FOR CONSTITUTIONAL AND CIVIL RIGHTS VIOLATIONS, ETC.

1                COUNT V

2       (Preemption of Costa-Hawkins Pursuant to Civil Code section 1954.50 et seq.)

3      39.   Plaintiffs incorporate herein by this reference, as though set forth in full herein, the

4 allegations contained in paragraphs 1 through 38, above.

5      40.   Plaintiffs are informed and believe and based thereon allege, that Ordinance

6 No. 320-08 is preempted by the more general and more inclusive Costa-Hawkins law, set forth at

7 Civil Code section 1954.50 et seq. (*Sherwin-Williams Co. v. City of Los Angeles* (1993) 4 Cal.4th

8 893.) Ordinance No. 320-08 duplicates, contradicts, or enters an area fully occupied by Costa-

9 Hawkins, either expressly or by implication.   Said Ordinance purports to set aside and/or restrict

10 the rental of units which are separately alienable and or constitute a subdivided interest and/or

11 control the rental prices of said units or interests, in direct violation of Costa-Hawkins, to wit, in

12 violation of Civil Code section 1954.52(a)(3)(A).

13      41.   Plaintiffs seek an order invalidating and/or permanently enjoining the enforcement

14 of Ordinance No 320-08 on the grounds that said Ordinance is in whole or in part preempted by

15 Costa-Hawkins.

16      WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

17                COUNT VI

18      (Declaratory Relief Pursuant to 28 U.S.C. 2201, 2202 and

19      California Code of Civil Procedure Section 1060)

20      42.   Plaintiffs incorporate herein by this reference, as though set forth in full herein, the

21 allegations contained in paragraphs 1 through 41, above.

22      43.   An actual controversy now exists with respect to the legal rights and duties of

23 plaintiffs, on the one hand, and defendants, on the other hand.  Plaintiffs contend that defendants,

24 all or any one of them, have violated plaintiffs' constitutional and civil rights as heretofore

25 alleged and further contend that without a declaration of this Court, defendants will continue

26 unabated in their violations by, *inter alia,* enforcing Ordinance No. 320-08 in such a way as to

27 continue to deprive plaintiffs of due process of law, equal protection of the law, private property

28

1   without just compensation, and civil rights and will continue to violate Costa-Hawkins. Plaintiffs

2   further contend that unless and until plaintiffs obtain an order of this Court declaring that

3   defendants, all or any one of them, are in fact depriving plaintiffs of the aforementioned rights,

4   defendants will continue to operate and administer the BMR/CCP in the reckless, arbitrary and

5   capricious manner in which the BMR/CCP has been run since its inception.

6          44.    Plaintiffs are informed and believe and based thereon allege that defendants deny

7   each and every of the foregoing allegations and will likely contend that they are acting in full

8   compliance with the law in their operation and administration of the BMR/CCP.

9          WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

10                                          COUNT VII

11    (Appointment of Receiver As Against Defendant Mayor's Office of Housing Pursuant to

12                   California Code of Civil Procedure Section 564 et seq and

13                        Federal Rule of Civil Procedure, Rule 64)

14         45.    Plaintiffs incorporate herein by this reference, as though set forth in full herein, the

15   allegations contained in paragraphs 1 through 44, above.

16         46.    Plaintiffs are informed and believe and based thereon allege that the Court is

17   empowered to appoint a receiver pursuant to applicable State and Federal law for the purpose of

18   preserving the property and/or rights of plaintiffs, as heretofore alleged.

19         47.    Plaintiffs are informed and believe and based thereon allege that should a receiver

20   not be appointed to oversee, operate and administer the BMR/CCP in strict accordance with the

21   law, including, if necessary, dismantling said BMR/CCP and releasing all units heretofore

22   allegedly restricted by said BMR/CCP, and for the purpose of protecting the rights and property

23   of plaintiffs, plaintiffs will suffer irreparable harm during the pendency of this litigation and

24   thereafter as plaintiffs have every reason to believe that the Mayor's Office of Housing will

25   continue to trample the constitutional and civil rights of plaintiffs as heretofore alleged absent

26   adequate judicial oversight through appointment of a receiver.

27         WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

28

GOLD10160.3806                          - 13 -

1

## COUNT VIII

2   (Preliminary and Permanent Injunction Against Defendant Mayor's Office of Housing Pursuant

3   to California Code of Civil Procedure Section 525 et seq and

4   Federal Rule of Civil Procedure, Rule 65)

5       48.    Plaintiffs incorporate herein by this reference, as though set forth in full herein, the

6   allegations contained in paragraphs 1 through 47, above.

7       49.    Plaintiffs are informed and believe and based thereon allege, that absent a

8   preliminary and permanent injunction by this Court, enjoining the continued administration and

9   operation of the BMR/CCP, plaintiffs will continue to suffer irreparable harm for which there is

10  no adequate remedy at law.

11      50.    Plaintiffs are further informed and believe and based thereon allege, that,

12  *inter alia,* pecuniary compensation may not afford adequate relief and it may be extremely

13  difficult to ascertain the amount of compensation that may afford adequate relief, thereby making

14  permanent injunctive relief, preventing the defendants and specifically, the Mayor's Office of

15  Housing, from operating and administering the BMR/CCP.

16      51.    Plaintiffs allege that only by enjoining defendants from hereafter restricting the

17  ownership of plaintiffs' homes in any way, whether it be through the operation and administration

18  of the BMR/CCP, enforcement of Ordinance No. 320-08, or enforcement of any other policies

19  restricting or limiting the ownership rights of plaintiffs, will be plaintiffs' constitutional and civil

20  rights be protected and restored.

21      52.    Plaintiffs allege that the posting of an undertaking is not necessary as the

22  defendants will suffer no monetary damage should the issuance of a preliminary injunction

23  thereafter be dissolved and a permanent injunction denied.

24      WHEREFORE, Plaintiffs pray for judgment as follows:

25

26

27

28

GOLD10160.3806                                    - 14 -

1

### PRAYER FOR RELIEF

2      1.      On the basis of Count I, nominal damages, release of plaintiffs' units from the

3   BMR/CCP, and/or an order enjoining defendants, and each of them, from violating plaintiffs'

4   constitutional rights in the operation and administration of BMR/CCP and in the enforcement of

5   Ordinance No. 320-08, and for an award of attorneys' fees pursuant to Code of Civil Procedure

6   section 1021.5.

7      2.      On the basis of Count II, nominal damages, release of plaintiffs' units from the

8   BMR/CCP and/or an order enjoining defendants, and each of them, from violating plaintiffs'

9   constitutional rights in the operation and administration of BMR/CCP and in the enforcement of

10  Ordinance No. 320-08, and for an award of attorneys' fees pursuant to Code of Civil Procedure

11  section 1021.5.

12     3.      On the basis of Count III, for just compensation, including the fair market value of

13  real property unlawfully taken, severance damages, if any, mitigation damages, if any, and all

14  litigation expenses pursuant to Code of Civil Procedure section 1036.

15     4.      On the basis of Count IV, for release of plaintiffs' units from the BMR/CCP

16  and/or for compensatory damages according to proof at trial and for an award of attorneys' fees

17  pursuant to 42. U.S.C. Section 1988.

18     5.      On the basis of Count V, for an order enjoining enforcement of all or a portion of

19  Ordinance No. 320-08 on the basis that it is preempted by Costa-Hawkins, and for an award of

20  attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

21     6.      On the basis of Count VI, for an order declaring that defendants have (1) violated

22  the constitutional and civil rights of plaintiffs with respect to the operation and administration of

23  the BMR/CCP, (2) violated those same rights in the enactment and enforcement of

24  Ordinance No. 320-08, (3) that plaintiffs' units should be released from the BMR/CCP, and

25  (4) for an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

26     7.      On the basis of Count VII, for appointment of a receiver to oversee, operate,

27  administer the BMR/CCP, including the release of plaintiffs' units from the BMR/CCP.

28

GOLD10160.3806                                    - 15 -

1      8.      On the basis of Count VIII, for preliminary and permanent injunctive relief,

2   enjoining defendants from engaging in any conduct which violates the constitutional and civil

3   rights of plaintiffs with respect to the operation and administration of the BMR/CCP and the

4   enactment and enforcement of Ordinance No. 320-08, and for an award of attorneys' fees

5   pursuant to Code of Civil Procedure section 1021.5.

6      9.      As to all Counts, for costs of suit incurred herein and for such other and further

7   relief as this Court deems just and proper.

8   Dated: May 13, 2009                          TIMKEN JOHNSON HWANG LLP

9

10                                              By: _____

11                                              HEIDI A. TIMKEN
                                                Attorneys for Plaintiffs